**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

TIMOTHY BLIXSETH,
892 Southshore Boulevard
Incline Village, Nevada  89451

    Plaintiff,

vs.

UNITED STATES COAST GUARD,

**Serve:**

    Civil Process Clerk
    Office of the United States Attorney for the
    District of Columbia
    555 Fourth Street, NW
    Washington, DC  20530

    William Barr
    Attorney General of the United States
    950 Pennsylvania Ave., NW
    Washington, DC  20530-0001

    United States Coast Guard
    2703 Martin Luther King Jr. Avenue, SE
    Washington, DC  20593-7710

    Defendant.

Civil Action No. _____

**COMPLAINT FOR INJUNCTIVE RELIEF**
(Freedom of Information Act)

For his complaint against Defendant United States Coast Guard ("Coast Guard"), Plaintiff alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to require the Coast Guard to conduct additional searches for responsive records, enjoin the Coast Guard from improperly withholding agency records, and order the production of

all improperly withheld agency records, along with indices justifying the withholding of any responsive records withheld under claim of exemption.

2. The records relate to Coast Guard actions taken against Plaintiff, as part of a coordinated and corrupt effort by high-level Department of Justice officials, along with the Coast Guard and other agencies, to intimidate Plaintiff from further pursuing his legal rights to continue challenging a bankruptcy reorganization plan in Montana.  Plaintiff's challenges were the only obstacle standing in the way of private investors (and friends of these high-level officials) making over $1 billion.

3. The records are responsive to Plaintiff's FOIA Request ("Request") submitted to the Coast Guard via email and first class mail on April 17, 2018.

4. The Coast Guard has failed to conduct adequate searches for responsive records and has wrongfully withheld responsive records.

**Parties**

5. Plaintiff is an individual with residence in Nevada.

6. The Coast Guard is an agency of the United States of America under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1).

**Jurisdiction and Venue**

7. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

8. Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

**Background**

9. On April 17, 2018, Plaintiff submitted his Request to the Coast Guard via email and first class mail. A true and correct copy of the Request is attached as Exhibit 1. In his Request, Plaintiff seeks the following records:

1. All documents from the period of January 1, 2010 through December 31, 2010 that refer or relate to Blixseth, Piano Bar, or Yellowstone Aviation & Marine.

2. All emails from any and all of former U.S. Commandant Robert J. Papp, Jr.'s email accounts from the period of May 25, 2010 through December 31, 2010, referencing:

   a. Piano Bar
   b. Yellowstone
   c. Yellowstone Aviation & Marine
   d. Blixseth

*See* Exhibit 1.

10. On May 4, 2018, the Coast Guard FOIA/PA Office acknowledged receipt of the Request and assigned it FOIA[PA] number 2018-CGFO-01591. A true and correct copy of the May 4, 2018 email is attached as Exhibit 2. In its acknowledgement email, the Coast Guard stated that it had received the Request on May 4, 2018. *See* Exhibit 2. The May 4, 2018 email, however, includes as an attachment an internal forwarding email from April 25, 2018 and the Coast Guard's final response asserted that the Request was received on August 21, 2018. *See id; see infra* Exhibit 4. In any event, the Request was sent via email and first class mail on April 17, 2018 at 1:15 pm EDT. *See* Exhibit 1.

11. Between June 18, 2018 and September 17, 2018, Plaintiff's counsel left voicemail messages and corresponded via email with several individuals in the Coast Guard FOIA/PA Office, including Amanda Ackerson, Jonathan Griffie, Thelma Flood, Devin Fox, and Anika Doehl regarding the lack of any response as to the status of the Request. A true and correct copy of such correspondence is attached as Exhibit 3.

12. On October 3, 2018, the Coast Guard issued its final and only substantive response to the Request. A true and correct copy of the October 3, 2018 email with attached letter is attached as Exhibit 4. In its response, the Coast Guard stated that it had conducted a comprehensive search and was unable to locate any responsive records. *See* Exhibit 4. The agency further asserted that records from the 2010 timeframe would have been destroyed by the start of 2014 as "general Coast Guard correspondence and general records are required to be disposed of three years after creation." *See id.*

13. On December 27, 2018, Plaintiff submitted his FOIA appeal to the Coast Guard via email and Federal Express. A true and correct copy of Plaintiff's appeal letter is attached as Exhibit 5. In the appeal letter, Plaintiff's counsel explained that "[t]he Coast Guard's search for responsive records was completely inadequate." *See* Exhibit 5. Specifically, the appeal letter stated: "In 2010, Mr. Blixseth's yacht, Piano Bar, was intercepted by the Coast Guard. Under its own policies, the Coast Guard is required to create and maintain all investigative files for any such activities, and as such, there must be responsive investigative records maintained by the Coast Guard in response to this Request. Moreover, the Coast Guard failed to search the records of several Coast Guard components, including but not limited to the Office of Commercial Vessel Compliance (CG-CVC)." *See id.*

14. Additionally, the appeal letter explained that the "Coast Guard's response that the applicable records would have been destroyed under the Coast Guard Information and Life Cycle Management Manual is entirely inaccurate. The records at issue here are not 'general Coast Guard correspondence and general records.' Instead, they include documents, such as investigative files, regarding Blixseth, Piano Bar, and Yellowstone Aviation & Marine. There is no question that under the Coast Guard's own internal policies, investigative files must be

4

created to intercept a personal yacht, and such records must be maintained for a minimum of 10 years." *See id.* Plaintiff's appeal letter requested a response "as soon as possible and in accordance with 6 C.F.R. § 5.8 to ensure that [Plaintiff] is able to properly pursue all available remedies as promptly as possible." *See id.*

15. The Coast Guard has had Plaintiff's appeal for seven months with no response whatsoever. The statutory time limit for responding to the appeal was 20 working days after receipt, unless the agency cited unusual circumstances and added another 10 working days. There was no mention of unusual circumstances, nor did the Coast Guard respond in 20 or 30 working days.

16. Accordingly, Plaintiff has exhausted his administrative remedies and seeks immediate judicial review.

## COUNT I – VIOLATION OF FOIA
### Failure To Conduct Adequate Searches For Responsive Records

17. Plaintiff incorporates each of the foregoing paragraphs of this Complaint.

18. Pursuant to FOIA, 5 U.S.C. § 552(a), Plaintiff has a statutory right to access the requested agency records.

19. Plaintiff properly requested records from the Coast Guard.

20. The Coast Guard is required to engage in reasonable efforts to search for requested records.

21. The Coast Guard has failed to adequately review agency records for the purpose of locating responsive records.

22. The Coast Guard's failure to conduct an adequate search for responsive records violates FOIA.

23.     Plaintiff is entitled to injunctive relief requiring the Coast Guard to engage in reasonable efforts to search for records responsive to Plaintiff's Request.

### COUNT II – VIOLATION OF FOIA
### Wrongful Withholding Of Responsive Records

24.     Plaintiff incorporates each of the foregoing paragraphs of this Complaint.

25.     Pursuant to FOIA, 5 U.S.C. § 552(a), Plaintiff has a statutory right to access the requested agency records.

26.     Plaintiff properly requested records from the Coast Guard.

27.     The Coast Guard has wrongfully withheld agency records responsive to Plaintiff's FOIA Request.

28.     The Coast Guard's failure to provide responsive agency records violates FOIA.

29.     Plaintiff is entitled to injunctive relief requiring the Coast Guard to promptly produce such responsive records and provide indices justifying the withholding of any records under claim of exemption.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment for Plaintiff and award the following relief:

a.  Order Defendant to conduct searches reasonably calculated to uncover all records responsive to Plaintiff's Request;

b.  Order Defendant to produce such records to Plaintiff in accordance with FOIA, along with indices justifying the withholding of any responsive records withheld under claim of exemption;

c.  Enjoin Defendant from continuing to withhold any records responsive to Plaintiff's Request;

d. Expedite the proceedings in this action;

e. Award Plaintiff his costs and attorney's fees reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

f. Award Plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted,

July 31, 2019

/s/ Lisa Norrett Himes
Lisa Norrett Himes (DC Bar No. 464089)
Rogers Joseph O'Donnell, PC
875 15th Street, NW, Suite 725
Washington, DC  20005
Tel:  (202) 777-8950
Fax:  (202) 347-8429
lhimes@rjo.com

*Attorney for Plaintiff*